IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
05/15/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

MEILIN CLARISA HERNANDEZ,                )
                                         )
                Petitioner,              )
                                         )
        v.                               )        Case No. 26-3101-JWL
                                         )
TODD BLANCHE, Acting Attorney General;   )
MARKWAYNE MULLIN, DHS Secretary;         )
TODD M. LYONS, Acting Director, ICE;     )
MISTY MACKEY, Warden,                    )
        Midwest Regional Reception Center; )
EXECUTIVE OFFICE FOR IMMIGRATION         )
        REVIEW; and                      )
DEPARTMENT OF HOMELAND SECURITY,         )
                                         )
                Respondents.             )
                                         )
                                         )
_____  )

## MEMORANDUM AND ORDER

Petitioner, through counsel, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which she challenges her detention by immigration officials without a bond hearing. For the reasons set forth below, the Court **grants the petition in part**. Respondents are ordered either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a) on or before **May 26, 2026**, and they are further ordered to provide notice to this Court when such relief has been given. The Court denies petitioner's requests for other relief.

Petitioner has alleged – and respondents have not disputed – that petitioner is a native of Guatemala; that she entered the United States without authorization in 2022, was

taken into custody at that time, but then was released; that she has resided in the United States since that time; that she was detained by immigration officials on March 5, 2026, and removal proceedings were initiated; and that she remains in custody in this judicial district. On April 24, 2026, petitioner filed the instant habeas action, and the Court ordered an expedited response; respondents have now filed an answer, and the matter is therefore ripe for ruling.[1]

To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003). Respondents have not argued that this Court lacks jurisdiction to consider petitioner's claim.

Petitioner was not recently detained as an alien newly arriving in the United States; rather, she had been present in the United States for a period of years when she was detained. Petitioner argues that, for that reason, her detention does not fall within the scope of 8 U.S.C. § 1225(b)(2)(A), which mandates detention pending removal proceedings, and

---

[1] Petitioner previously filed a similar habeas petition in federal court in Florida, where she was detained at time, and the court denied the petition based on the reasoning of the Fifth Circuit, which has sided with the Government's interpretation on this bond hearing issue. Petitioner argues that her present petition is not precluded by that previous denial. In their answer, respondents state in a footnote that that argument by petitioner lacks merit (although they do not elaborate further), but they note that the Eleventh Circuit (in which the Florida court sits) has since rejected the Government's position. Thus, respondents have not argued that relief is precluded here because of the previous habeas denial.

under which the Government purports to detain petitioner; but instead is governed by 8 U.S.C. § 1226(a), which provides for discretionary release on bond.  Petitioner thus claims that her detention without any consideration of his release on bond violates these statutes.[2]

In a recent case involving the same issue, this Court rejected the Government's interpretation of these statutes in favor of the interpretation adopted by the overwhelming majority of courts that have addressed the issue, and the Court ordered relief in the form of a bond hearing under Section 1226(a).  *See Galdamez Orellana v. Welsh*, 2026 WL 710121 (D. Kan. Mar. 13, 2026) (Lungstrum, J.).  Respondents concede that the relevant facts of the present case are not materially distinguishable from those in *Galdamez Orellana*, and they therefore acknowledge that the Court's prior reasoning would also apply here.[3]  Thus, for the same reasons set forth in the Court's opinion in *Galdamez Orellana*, *see id.* at *1-3, the Court concludes in this case that the Government may not detain petitioner under Section 1225(b)(2)(A), and that it may therefore detain petitioner pending a final removal decision only under Section 1226(a), which allows for release on bond; and that the Government has therefore violated these statutes by refusing to allow for consideration of petitioner's release on bond under Section 1226(a).

---

[2]  Petitioner also claims that her detention without consideration of release on bond violates due process.  In light of the Court's conclusion that petitioner is entitled to bond consideration under the statues, it need not reach that issue.

[3]  Although petitioner has alleged that she has filed an application for asylum, respondents have not argued that that fact distinguishes this case from *Galdamez Orellana*. Moreover, the Court has previously held that its ruling in that case would still apply in the event of a pending asylum application.  *See Khudyi v. Carter*, 2026 WL 1098197, at *2 (D. Kan. Apr 23, 2026) (Lungstrum, J.).

With respect to the relief sought, petitioner seeks release or an order requiring a bond hearing at which the Government bears the burden of proof. Petitioner has not addressed this Court's discussion in *Galdamez Orellana* concerning the appropriate relief for this violation, however. For the same reasons stated in that case, *see id.* at *3-4, the Court concludes that the most appropriate remedy for this violation is to require that petitioner be granted a bond hearing as if detained under Section 1226(a), and the Court declines to grant any additional relief requested by petitioner. Accordingly, the Court orders respondents either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a), at which petitioner's suitability for release on bond is considered on its merits, on or before **May 26, 2026**.[4]

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **granted in part**. Respondents are ordered either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a) on or before **May 26, 2026**, and they are further ordered to provide notice to this Court when such relief has been given. The Court denies petitioner's requests for other relief.

---

[4] Respondents have not argued or provided evidence that a hearing could not be conducted within that timeframe. Nor have respondents argued that an immigration judge could not conduct a bond hearing for petitioner on the merits. Although this Court lacks jurisdiction to review an immigration judge's denial of release on bond, *see Chen v. Dorneker*, 2021 WL 5769354, at *2 (D. Kan. Dec. 6, 2021) (Lungstrum, J.) (citing 8 U.S.C. § 1226(e)), it would not be precluded from reviewing an immigration judge's refusal to conduct a hearing based the *Yajure Hurtado* decision by the Board of Immigration Appeals.

IT IS SO ORDERED.

Dated this 15th day of May, 2026, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

5